**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————————

No. 95-10939

———————————————

IN THE MATTER OF:
DON RAY AND
DANA DENE DIXON

Debtors,

DALE WOOTTON, Trustee,

Appellant,

versus

WOODY F. LEMONS,

Appellee.

———————————————————————————————————

Appeal from United States District Court
for the Northern District of Texas
(3:95-CV-59-H)

———————————————————————————————————

October 10, 1996

Before BENAVIDES, STEWART, and DENNIS Circuit Judges.

PER CURIAM:[*]

Wootton appeals the district court's affirmance of the bankruptcy court's finding that,

pursuant to the parties' oral agreement, Woody F. Lemons owned 27½% of 57% of the stock in

Sterling Motors, Ltd. at the time Dale Dixon filed for bankruptcy, and that Lemons was entitled to

the selling price of $385,846.39 plus prejudgment interest at a rate of 10% per annum from October

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1, 1993 to the date of entry of judgment on November 11, 1994. Wootton argues that the oral agreement between Lemons and Dixon was an executory contract which should be rejected as a matter of law.

After thoroughly reviewing the record, we agree with the district court that the parties agreed that Lemons owned 27½% of the stock upon acquiring the financing for the dealerships. A finding that Lemons obtained an ownership interest in the 27½% shares of stock precludes a finding that Lemons and Dixon's oral agreement was an executory contract because an executory contract by definition requires future performance by the parties. See In re Jackson Brewing Co., 567 F.2d 618, 623 (5th Cir. 1978). Lemons' performance was completed when he negotiated, obtained, and personally guaranteed the $9 million needed to finance the dealerships. There was no performance remaining for Lemons under the oral agreement. Therefore, we AFFIRM the district court's judgment affirming the bankruptcy court's award to Lemons.